FILED

NOV 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CUMBRE, INC.; COACHELLA VALLEY INSURANCE SERVICE, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE COMPENSATION INSURANCE FUND, <br><br> Defendant - Appellee. | No. 09-17190 <br><br> D.C. No. 4:09-cv-02706-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted November 5, 2010[**]
San Francisco, California

Before: HALL and THOMAS, Circuit Judges, and RESTANI, Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

The district court correctly concluded that claim preclusion bars the claims brought by Cumbre, Inc. and Coachella Valley Ins. Co. (collectively, "Cumbre"). Claim preclusion "bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009).

Cumbre's present suit alleges the same primary right violation that Cumbre alleged in state court. The final decision by the California Court of Appeals conclusively rejecting that claim is res judicata as to the identical federal claim asserted in this case under 42 U.S.C. § 1983. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state.").

Cumbre argues for application of *Furey v. City of Sacramento*, 780 F.2d 1448 (9th Cir. 1986), *abrogated on other grounds as recognized by Schnuck v. City of Santa Monica,* 935 F.2d 171, 173 (9th Cir. 1991), but that reliance is misplaced. Under California law, the issuance of a remittitur by the court of appeal indicates that the state appellate process has been concluded. *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007).

**AFFIRMED.**